UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAUREN HICKS, | ) | CASE NO. 1:25-CV-1053 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| PENNYMAC LOAN SERVICES, LLC, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

*Pro se* Plaintiff, Lauren Hicks, filed an action in the Cuyahoga County Court of Common Pleas against Defendant, challenging the foreclosure action against her in Case No. CV-23-984447 regarding property located on Glenallen Avenue, Solon, Ohio. (ECF No. 1). On May 22, 2025, Defendant filed a notice of removal of Plaintiff's complaint to this Court. (*Id.*). For the following reasons, this action is **DISMISSED**.

**I.  BACKGROUND**

On June 13, 2024, the Cuyahoga County Court of Common Pleas entered a foreclosure judgment against Plaintiff and in favor of Defendant concerning the property located on Glenallen Avenue, Solon, Ohio. (ECF No. 1, PageID #71–76). *See PennyMac Loan Services, LLC v. Lauren Hicks, et al.*, Case No. CV-23-984447 (Cuy. Cty. C.P. filed Aug. 24, 2023). On January 27, 2025, the Sheriff held a sale of the property at issue, and the property was sold to a third party. (ECF No. 1, PageID #90). On April 17, 2025, Plaintiff filed a complaint against Defendant ("P*e*tition for Writ of Quia Timet to Remove Cloud on Title") in which she challenged the validity of the mortgage and the foreclosure on her property. (ECF No. 1, PageID #10–12). In this complaint,

1

Plaintiff claimed that she is the proper owner of the property and Defendant's "invalid or false claim of title or interest" is threatening to "disturb [her] possession" of the property.  (*Id.* at PageID #10–11).  Plaintiff asks the Court to find that she is the lawful owner of the property, free of any lien or interest claimed by Defendant, and to vacate or void the judgment issued in Defendant's favor.  (*Id.* at PageID #11–12).

Defendant removed Plaintiff's complaint to this Court (ECF No. 1) and moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, claiming Plaintiff's claims are barred by res judicata.  (ECF No. 3).  Thereafter, Plaintiff amended her complaint to include new claims alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), due process, and "Ultra Vires Action Under Title 12."  (ECF No. 8).  The amended complaint continues to contest the foreclosure action, and Plaintiff asks the Court to declare the foreclosure void, to declare Plaintiff the lawful owner of the Glenallen property, and to enjoin Defendant from continuing any foreclosure or eviction proceedings.  (*Id.*).  Plaintiff also filed a motion for temporary restraining order and motion for preliminary injunction.  (ECF No. 5).  Following Plaintiff's amended complaint, Defendant filed a second motion to dismiss addressing Plaintiff's additional claims, asserting once again that Plaintiff's complaint is barred by res judicata and her complaint fails to state a claim upon which relief can be granted.  (ECF No. 10).  Plaintiff opposes Defendant's motions.  (ECF Nos. 7 and 11).

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of claims when the claimant has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss under Rule 12(b)(6), the function of the Court

2

is to test the legal sufficiency of the complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In reviewing the complaint, the Court must construe the pleading in the light most favorable to Plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 and 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions and unwarranted factual inferences, however, are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (The Court is "not bound to accept as true a legal conclusion couched as a factual allegation.").

Additionally, courts must read Rule 12(b)(6) in conjunction with Federal Civil Procedure Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555). To meet the basic minimum notice pleading requirements of Rule 8, Plaintiff's complaint must give Defendant fair notice of what Plaintiff's legal claims are and the factual grounds on which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Factual allegations "must be enough to raise a right to relief above the speculative level." *Id*.

*Pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court holds a *pro se* complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines*, 404 U.S. at 520). The Court is not required, however, to conjure

up unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

### III. DISCUSSION

No matter how Plaintiff labeled her complaint, she is attacking the foreclosure judgment entered against her in the Cuyahoga County Court of Common Pleas Case No. CV-23-984447. Res judicata therefore bars this Court's consideration of Plaintiff's claims.

Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state. 28 U.S.C. § 1738; *Abbott v. Mich.*, 474 F.3d 324, 330 (6th Cir. 2007). To determine the preclusive effect a prior state court judgment would have on the present federal action, the Court must apply the law of preclusion of the state in which the prior judgment was rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). This Court must therefore apply Ohio law to determine whether the Ohio foreclosure judgment would preclude litigation of the validity of the foreclosure action.

In Ohio, the doctrine of res judicata dictates that "a final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions, and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." *Johnson's Island, Inc. v. Bd. of Twp. Tr. of Danbury Twp.*, 431 N.E.2d 672, 674 (Ohio 1982) (quotation marks and citation omitted). Application of the doctrine of res judicata does not depend on whether the original claim explored all possible theories of relief. *Brown v. Dayton*, 730 N.E.2d 958, 962 (Ohio 2000) (citation omitted). Rather, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 653 N.E.2d

226, 229 (Ohio 1995). A second action is barred when there is: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated in the previous action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

Here, the Cuyahoga County Court of Common Pleas entered a foreclosure judgment against Plaintiff, and in Defendant's favor, in connection with the property located on Glenallen Avenue. (ECF No. 1, PageID #71–76). This action involves the same parties as the state court foreclosure proceedings. Plaintiff has not alleged facts plausibly suggesting that the claims and defenses she asserts in this action relating to the propriety of the foreclosure action were not, or could not have been, asserted in the state foreclosure action. *See Forgues v. Select Portfolio Servicing, Inc.*, 690 F. App'x 896, 900–01 (6th Cir. 2017) (finding Plaintiff's claims under FDCPA and FCRA barred by res judicata because each claim related to an allegation concerning her mortgage loan in the prior action); *Berman v. Arlington Bank*, No. 4:12 CV 2888, 2013 WL 682814, *10 (N.D. Ohio Feb. 22, 2013) (stating Plaintiff "could have and should have asserted his claims of denial of due process in his appeal from the state court foreclosure judgment" and finding res judicata barred his claims); *Clark v. Lender Processing Servs. Inc.*, 949 F. Supp. 2d 763, 773–74 (N.D. Ohio 2013) (holding that res judicata barred mortgagor's claims under the FDCPA and Ohio's Consumer Sales Practices Act where there was a prior, final decision on the merits in an underlying state foreclosure action).

Finally, Plaintiff's claims arise from the same transaction or occurrence as the state court foreclosure proceedings. Accordingly, Plaintiff's claims in this action are barred by res judicata.

5

## IV.     CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's emergency motion for temporary restraining order and motion for preliminary injunction (ECF No. 5), **DENIES** Plaintiff's remaining motions (ECF Nos. 4, 12, and 15), and **GRANTS** Defendant's motion to dismiss (ECF No. 10).  Further, the Court **CERTIFIES**, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date:  August 27, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**